McFarland, J.,
delivered the opinion of the court:
Wheaton & Co. brought this action against Smith & Mickle, two members of the firm of Mickle, Mann & Smith, *475 for tbe price of a bill of bats and caps, amounting to $620.50, which they, plaintiffs, aver they sold to them.
The defendants deny that the purchase was made by or on the authority of their firm, or that they received the benefits of the purchase, but that their other partner, A. F. Mann, made the purchase on his own account, and for his own benefit. It was insisted by the defendants that the firm of Mickle, Mann & Smith was engaged exclusively in the boot and shoe trade, and that the purchase of the bill of hats and caps in question was-entirely outside the scope of their business.
The proof shows that the purchase in question was made by A. F. Mann in person, in the absence and without the knowledge of the other members of the firm. Both firms were at the time doing business in Memphis, where the purchase was made. The goods were boxed and marked “M,” and sent to a steamboat lying at the wharf, and soon after A. F. Mann and a brother of his started down the river on the boat on a trading expedition with the goods purchased of plaintiffs, and other goods purchased of other merchants, part from the firm of Mickle, Mann & Smith; that the other members of the latter firm had no interest in the en-i terprise of A. F. Mann and his brother; did not know that A. F. Mann was purchasing the goods of the plaintiffs, or that he was going down the river on the boat.
The plaintiff, Wheaton, testified that he knew that the defendants’ house was a boot and shoe house, and that he, A. F. Mann, had tried to get the goods in question on his own credit, and had been refused. Inquiries were made as to the solvency of the firm of Mickle, Mann & Smith, and being satisfied on this point, the goods were shipped to the steamboat, marked as before stated, but no inquiries made of the other members of the firm as to whether this purchase was on firm account. It appears that Mickle, Mann & Smith made other purchases of plaintiffs, which were paid, but the proof makes it probable that these purchase» *476 were merely for tbe accommodation of their customers, and in much smaller amounts than the present bill.
The verdict and judgment were for the plaintiffs. The defendant Smith has appealed in error.
The right of one partner to bind the other grows out of their partnership agreement to carry on the partnership business, in which each partner becomes the equal and representative of the entire firm; but one partner has no right to bind liis firm by a contract entirely outside the scope of the business of the firm.
This proposition was given in charge, but the jury were told that if the goods were sold under such circumstances as would not put a man of ordinary prudence and intelligence on his inquiry by exciting reasonable doubts in his mind of the transaction being a firm transaction, they would find for the plaintiff. What circumstances would authorize one partner to bind his firm by a transaction entirely outside the scope of their business, is not explained. If the contract is outside of, the scope of the partnership business, it is a prima facie, without authority, and not binding upon the other members. They might be bound if it were shown that previous transactions of a similar character had been permitted without objection, or the previous course of dealing between the two firms justified the plaintiffs in believing that the purchase was authorized on firm account; but even then, if the plaintiffs liad actual knowledge that A. F. Mann proposed to buy the bill on his account, this would put them upon inquiry, and they would have to see that the authority of the firm was given to the purchase before the firm would be bound.
But if the charge was free from criticism, we think a new trial should have been granted, because the evidence does not sustain the verdict. One of the members of the plaintiffs’ firm admits that he knew that the defendants’ house was a boot and shoe house, and that A. F. Mann tried to purchase this bill of goods on his own credit, which was *477 refused. After this they sold Mann this bill of goods, bad them marked with his initial, and sent to a steamboat on the river, without further, inquiry as to the fairness of the transaction, although the defendants’ house was in the city.
Let the judgment be reversed, and a new trial awarded.